# Court of Appeals
# of the State of Georgia

ATLANTA,  February 13, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0300.  IN THE INTEREST OF L. D., A CHILD (FATHER).**
**A19D0306.  IN THE INTEREST OF D. D., A CHILD (FATHER).**

The juvenile court entered an order terminating the father's parental rights to the above-referenced minor children. The father filed a motion for new trial. On December 18, 2018, the juvenile court entered an order denying that motion. At 3:12 a.m. and at 11:32 p.m. on January 18, 2019, the father electronically filed these two applications for discretionary review. We lack jurisdiction.

The Court has recently granted the mother's applications arising from the same order, and the Court would prefer to hear both parents' appeals on the merits. The Court's docket indicates, however, that the father's applications were electronically filed at 3:12 a.m. and 11:32 p.m. respectively on the 31st day after the statutory deadline. To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-34 (d). *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). These applications are therefore untimely, and they are DISMISSED for lack of jurisdiction.

If the father possesses evidence to the contrary, he is free to move for reconsideration of these dismissals within the time required by Court of Appeals Rule 37 (b).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  02/13/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*